UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05   10802 NMG**

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs

MAGISTRATE JUDGE _____

C.A. No.

vs.

SOUTH SHORE CRANE RENTAL, INC.,
Defendant

and

THE COMMUNITY BANK,
Trustee.

RECEIPT # 63696
AMOUNT $ ____
SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK ____
DATE 4/21/05

## COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS AND TO OBTAIN AN AUDIT

### NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit

plans and a labor union to enforce the obligations to make contributions and pay interest due to

such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.     Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.     Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.     Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

2

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.      The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8.      The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9.      Defendant South Shore Crane Rental, Inc. (hereinafter "South Shore" or "the Employer") is a Massachusetts corporation with a principal place of business at 785 Washington Street, South Easton, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10.     Upon information and belief, The Community Bank in Brockton, Massachusetts is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

11.     On or about December 31, 2001, defendant South Shore agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of South Shore's signed agreement ("short form agreement") is attached hereto as Exhibit A.

12.     Because of the short form agreement, South Shore has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4,

including the agreement which is effective from June, 1999 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

13.    The Agreement requires South Shore to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement.

14.    Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

15.    Further, Part Two-Article XI, Section 6 of the Agreement states that the Trustees or their representatives "shall have the right to inspect at all reasonable times, the individual payroll records and such other records of an Employer as are deemed necessary and pertinent to determine whether such Employer is making due and full payment of its Employer Contributions."

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

16.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-15 supra.

17.    South Shore has failed to submit remittance reports or pay monthly contributions to the Funds for the months of October, 2004 and December, 2004 through the present.

18.    By first class mail and certified letters dated January 6 and March 15, 2005, the Funds' attorney sought payment of delinquent contributions and interest, along with copies of remittance reports for the delinquent months. Copies of those letters are attached hereto as Exhibit C.

19.    South Shore failed and refused to respond to the Exhibit C letters.

4

20.     Because South Shore has failed and refused to submit remittance reports for work done during October, 2004 and the period of time from December, 2004 to the present, it owes an as yet unliquidated amount in contributions.

21.     The failure of South Shore to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

22.     Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

23.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS AND INTEREST

24.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 supra.

25.     The failure of South Shore to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA - DUES

26.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-25 supra.

27.     Upon information and belief, South Shore deducted dues from its employees' paychecks and failed to remit them to the Union.

28.   The failure of South Shore to remit the dues it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.   Order the attachment by trustee process of the bank accounts of South Shore held by The Community Bank;

b.   Order the attachment of the machinery, inventory and accounts receivable of defendant South Shore;

c.   Order South Shore to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete list of all job locations for the period October 1, 2004 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

d.   Enter a preliminary and permanent injunction enjoining South Shore from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

e.   Enter a preliminary and permanent injunction enjoining South Shore from refusing or failing to remit dues;

f.   Enter judgment in favor of the Plaintiff Funds in an as yet unliquidated amount, and any additional amounts determined by the Court to be owed by South Shore or which may become due during the pendency of this action, together with interest on the unpaid contributions

at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

g.    Enter judgment in favor of the Plaintiff Union in an as yet unliquidated amount, and any additional amount determined by the Court to be owed by South Shore or which may come due during the pendency of this action; and

h.    Such further and other relief as this Court deems appropriate.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  April 20, 2005

GAG/gag&ts
ARS 3118 05-002/complt.doc

7

APR-14-2005  09:56
DEC-28-2001  07:51          JOE LOCAL 4          i          8 5Le\          17 323 9300    P.02/04

### *STANDARD SHORT FORM AGREEMENT*

AGREEMENT covering wages, working rules, and other conditions of employment entered into between __South Shore Gunn Corp__ and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 and its Branches ("Local 4").

1.    Local 4 is recognized by the Employer as the sole and exclusive majority status representative of the employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment.  The Employer recognizes Local 4 as the majority status representative of the employees covered this Agreement pursuant to Section 9(a) of the National Labor Relations Act, as amended, having confirmed the Local's majority status by Local 4 having shown, or having offered to show, evidence of majority support by signed authorization cards.

2.    The Employer shall not make any agreement in conflict with the provisions of this Agreement. In the event that the craft and/or geographic jurisdiction of this Agreement shall overlap with the craft and/or geographic jurisdiction of any other agreement between the Employer and any other Building Trades Local, the terms of this Agreement shall supercede all others.  The Employer waives any claim or right that it may repudiate or void this Agreement based upon varying the size of the workforce, including a reduction in the workforce below two employees.

3.    The Employer hereby adopts and agrees to abide by all of the terms and conditions of the Collective Bargaining Agreements now prevailing or as they shall prevail by and between Local 4 and the four Employer Associations hereinafter named. The Associations are:

   Labor Relations Division of Construction Industries of Massachusetts
   Foundation & Marine Contractors Association of New England, Inc.
   Building Trades Employers Association of Boston and Eastern Massachusetts
   Labor Relations Division of the Associated General Contractors of Massachusetts, Inc.

RECEIV
'JAN 0 4 2002
IUOE, L

4.    The Employer agrees to be bound by the current Collective Bargaining Agreements, effective from June 1, 1999 to May 31, 2003,  and any amendments, additions, extensions, or successors to them, and herewith accepts the same and becomes one of the parties to them and agrees to abide by all of the terms and conditions contained in them.  Local 4 agrees to comply with all union obligations contained in the aforementioned Collective Bargaining Agreements.

5.    This Agreement shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consolidation, sale, transfer, assignment, joint venture, or any combination or other disposition of the Employer.

6.    The Collective Bargaining Agreements between the Employer Associations and Local 4 provides, among other things, for contributions to the Health & Welfare, Pension, Annuity & Savings and Training Funds, and the Joint Labor-Management Cooperative Trust. The Employer agrees to be bound by the terms of the respective Agreements and Declarations of Trust and designates as its representatives on the Boards of Trustees such Trustees as have been designated Employer Trustees in the manner provided in the Agreements and Declarations of Trust.

AGREEMENT covering wages, working rules, and other conditions of employment entered into between (with Easton Crane, Corporation) and International Union of Operating Engineers Local 4 and its Branches.

1. The Local is recognized as the sole and exclusive representative of the Employees covered by this Agreement for the purpose of collective bargaining with respect to wages, hours of work, and other conditions of employment. The Employer shall not make any agreement in conflict with the provisions of this Agreement.

2. The Employer hereby adopts and agrees to abide by all of the terms and conditions of the collective bargaining agreements now prevailing or as they shall prevail by and between Local 4 and the four Employer Associations hereinafter named.

The Associations are:

Labor Relations Division of Construction Industries of Mass.
Associated General Contractors of Massachusetts, Inc.
Building Trades Employers Association of Boston and Eastern Mass.
Foundation & Marine Contractors Association of New England, Inc.

3. The Local agrees to comply with all union obligations contained in the aforementioned collective bargaining agreements.

4. The collective bargaining agreements between the Employer Associations and the Local provides among other things for contributions to Health and Welfare Funds, Pension Funds, Apprentice and Training Funds, and the Employer agrees to be bound by the terms of the respective Agreements and Declarations of Trust and designates as its representatives on the Boards of Trustees such Trustees as have been designated Employer Trustees in the manner provided in Agreements and Declarations of Trust.

5. This Agreement shall be binding upon the Employer named herein, and its successors and assigns, and no provisions herein contained shall be nullified or affected in any manner as a result of any consolidation, sale, transfer, assignment, joint venture, or any combination or other disposition of the Employer.

6. The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned collective bargaining agreements with the named Associations, and shall continue in effect in each or any particular said contract-instance, unless the Employer gives the Union notice of desired change or termination of a particular collective bargaining Agreement aforementioned in keeping with the applicable notice provisions contained therein. The Employer acknowledges and agrees to the continuity of Employer obligations on his part with respect to Health and Welfare, Pension, and Apprentice Training trusts contained in said aforementioned collective bargaining Agreements pending negotiations of any new agreement by and between the Local and the aforementioned Associations and/or between the Employer and the Local.

WITNESS OUR HANDS AND SEALS THIS _3rd_ DAY OF _October 1979_

FOR THE EMPLOYER

_Todd Easton Crane Corporation_
Company

_Box E141_
Address

_Todd Easton Mass   02325_
City                State        Zip

_Maynard And Vernon Rhoades_
By                              Title

FOR THE LOCAL

_Walter J. Ryan_
Business Manager

_Charles De Rosa_
President

_A. G. Morrell_
Recording Secretary

BODY ACCEPTS
_10/17/79_
EXEC BD REC
_10/17/79_
TOTAL P.02

7.   The life of this Agreement is co-extensive with the several respective terms set out or as they shall be set out from time to time in the aforementioned Collective Bargaining Agreement with the named Associations, and shall continue in effect in each or any particular said contract instance, unless the Employer gives Local 4 notice of desired change or termination of a particular Collective Bargaining Agreement aforementioned in keeping with the applicable notice provisions contained therein. The Employer acknowledges and agrees to the continuity of Employer obligations on his part with respect to Health & Welfare, Pension, Apprentice Training, Annuity & Savings, and Cooperative Trusts contained in said aforementioned Collective Bargaining Agreements pending negotiations of any new agreement by and between Local 4 and the aforementioned Associations and/or between the Employer and Local 4.

WITNESS OUR HAND AND SEAL THIS _31st_ DAY OF _December_ , 20_01_ .

### FOR THE EMPLOYER                    FOR THE LOCAL

South Shore Crane Corp
_____
**Company**

_____
**Business Manager**

Box 541
_____
**Address**

So Easton        MASS    02375
_____
**City**         **State**   **Zip**

_____
**President**

Rahul Patel Kr
_____
**By**            **Title**

SOF
238-9898        238 9126
_____
**Phone**        **Fax**

_____
**Recording Secretary**

RECEIV
JAN 0 4 2002
page 2 of 2   IUOE,                    *Short Form S-4-01*

# 1999-2003

# MASTER DOCUMENT

with

# CONTRACT EXTENSION

# to May 31, 2005

and

Provisions of the Agreements

between



**INTERNATIONAL UNION OF
OPERATING ENGINEERS
Local 4 and its Branches**

and

**Labor Relations Division of
Construction Industries of Massachusetts**

**Foundation & Marine Contractors
Association of New England, Inc.**

**Building Trades Employers Association
of Boston and Eastern Massachusetts**

**Labor Relations Division of the
Associated General Contractors of
Massachusetts, Inc.**

# PART TWO
# MASTER DOCUMENT

*Part Two – Article XI*
### HEALTH & WELFARE, PENSION, ANNUITY, ANNUITY & SAVINGS COOPERATIVE TRUST AND APPRENTICE PROGRAM FUNDS

*Section 1.* Each Employer who is a party to this Agreement agrees to and shall pay and contribute an amount equal to that shown under "Schedule of Wages" in this Agreement to the following Funds:

(a) International Union of Operating Engineers Local 4 Health and Welfare Fund, hereinafter referred to as the "Welfare Fund."

(b) International Union of Operating Engineers Local 4 Pension Fund, hereinafter referred to as the "Pension Fund."

(c) International Union of Operating Engineers Local 4 Annuity and Annuity & Savings 401(k) Fund, hereinafter referred to as the "Annuity and Annuity & Savings Funds."

(d) Hoisting and Portable Engineers Local 4 Apprentice and Training Program, hereinafter referred to as the "Apprentice Program Fund."

(e) International Union of Operating Engineers Local 4 Labor Management Cooperative Trust, hereinafter referred to as the "Cooperative Trust."

54

*Section 2.* The respective rates per hour as shown in the "Schedule of Wages" in the Agreement shall be paid for each payroll hour (with the exception of Annuity contributions, an overtime hour for this purpose shall be considered a single hour) and proportionately for each part of such an hour for each person covered by this Agreement and employed on construction projects on which the Employer shall be engaged or otherwise in the hire of the Employer. Overtime contributions to the Annuity Fund shall be paid at time and one-half for all classifications of overtime.

(a) Upon proper written authorization on a form furnished by the Local Union, the Employer may withhold from the employee's gross wage before any deduction for taxes, an amount as established from time to time by the Annuity Trustees, for deposit in the Annuity & Savings 401(k) Plan, a Retirement Plan intended to qualify under the Employee Retirement Income Security Act of 1974 (ERISA).

*Section 3.* On or before the tenth day of each month, the said payment shall be due and payable for all such payroll periods ending the next preceding month; but in the case of operations of less than a month's duration, or in the case of Employers who are repeatedly delinquent in payments, the payment shall be due weekly and payable within three (3) days after the end of the payroll week.

*Section 4.* Payments not received at the Fund Office by the last day of the month following the

55

month during which the work was performed will be assessed interest at the rate of one (1%) percent per month.

*Section 5.* The Employer agrees that the obligations to make payments shall be on a parity with and enforceable, with respect to each Fund, as the obligation to pay wages, and this inclusive of the priorities incident to and in proceedings for the relief of debtors; and this Article shall bind all legal representatives, successors, and assigns of an Employer.

*Section 6.* The Trustees, or representatives when authorized by the Trustees in each case, shall have the right to inspect at all reasonable times, the individual payroll records and such other records of an Employer as are deemed necessary and pertinent to determine whether such Employer is making due and full payment of its Employer Contributions.

*Section 7.* Failure of the Employer to comply with this Article or any part thereof may be treated by the Local as a breach of the working agreement between the Local and the defaulting Employer; and notwithstanding other provisions of this Agreement (Arbitration Article XVII, or otherwise to the contrary, immediate work stoppage and use of picket lines against such defaulting Employer are permitted. Any cost, inclusive of legal fees, incurred by the Local, or the Funds, in the collection of obligations to make payment due the Welfare, Pension, Annuity, Annuity & Savings, Cooperative Trust and Appren-

tice Program Funds shall be borne by the defaulting Employer.

*Section 8.* Notwithstanding any termination or cancellation under this Agreement or otherwise, the obligations of this Article and of the several Declarations of Trust shall be deemed continuous and the Health and Welfare Fund, Pension Fund, Annuity Fund, Annuity & Savings Fund, Cooperative Trust and Apprentice Program Fund shall not be discontinued pending negotiations of a new Agreement.

*Section 9.* The Health & Welfare, Pension, Annuity, Annuity & Savings, Cooperative Trust and Apprentice Program Funds shall be respectively administered by three (3) Trustees appointed and/or elected by the Local and three (3) Trustees appointed by the Association (unless it shall be mutually agreed to decrease the number of Trustees or to consolidate the Welfare Fund, Pension Fund, Annuity Fund, Annuity & Savings Fund, Cooperative Trust and Apprentice Program Fund with the Funds respective of other similar Funds) under one or more Agreements and Declarations of Trust as they are or shall be executed by such Trustees.

*Section 10.* The Welfare Fund shall be used for the purpose of providing health and welfare benefits for employees covered by this Agreement and their dependents by means of insurance or otherwise at the discretion of the Trustees.

*Section 11.* The Pension Fund shall be used for the purpose of providing pension benefits for employees

56

57

covered by this Agreement by means of insurance or otherwise at the discretion of the Trustees.

*Section 12.* The Annuity Fund shall be used for the purpose of providing pension benefits for employees covered by this Agreement by means of Annuity contracts or otherwise at the discretion of the Trustees.

*Section 13.* The Annuity & Savings 401(k) Fund shall be used to assist the members in attaining their savings objectives.

*Section 14.* The Apprentice Program Fund shall be used for the purpose of providing and defraying costs of apprenticeship or other training programs.

*Section 15.* The Cooperative Trust shall be used for the purposes set forth in the Trust Agreement establishing said Trust.

*Section 16.* An Employer shall have the option of contributing or not contributing to the Joint Labor/Management Cooperative Trust and/or the Foundation For Fair Contracting of Massachusetts as provided herein. In the event the Employer opts not to contribute to either or both of the above named Funds, the amount of such contribution shall be added to the hourly wage rates contained herein. Each signatory Association may exercise this option for its members; non-association Employers shall exercise this option on an individual basis.

*Section 17.* From time to time the Building Committee, established to provide for increased industry requirements, shall determine what additional

58

Employer contributions, if any, are required to keep the Apprentice Program Fund fiscally sound.

### Part Two – Article XII
### LIABILITY INSURANCE

Each Employer shall, without cost to the employee, provide Liability Insurance coverage in the amount of $300,000 to $500,000 for all employees covered by this Agreement.

### Part Two – Article XIII
### OVERLOADED OR IMPROPERLY REGISTERED VEHICLES

*Section 1.* No employee shall be held responsible for equipment not properly registered or because a permit was not obtained under any applicable law or regulation or for overloading a vehicle or for operating a vehicle or other equipment which is overloaded. In any such case, the Employer will assume the legal costs involved in the defense of the employee and shall pay any fines or other assessments levied against the employee. The Employer shall reimburse the employee for any working time lost in connection with any such proceeding.

*Section 2.* In the event the employee's operating license is suspended for reasons stated herein, the Employer shall be liable for the work opportunity lost at no less than his regular earnings.

59

## Part Two – Article XXIII
### TERMINATION

The terms and conditions of the Agreements between the Labor Relations Division – Construction Industries of Massachusetts, the Foundation & Marine Contractors Association of New England, Inc., the Building Trades Employers Association of Boston and Eastern Massachusetts, the Labor Relations Division of the Associated General Contractors of Massachusetts, Inc., and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, shall continue to and include May 31, 2003. These Agreements shall continue to be effective from year to year thereafter unless either party to an Agreement, at least sixty (60) days prior to May 31, 2003, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

70

### FOR THE EMPLOYERS

The Labor Relations Division
Construction Industries of Massachusetts, Inc.

The Foundation & Marine
Contractors Association of New England, Inc.

The Building Trades Employers
Association of Boston and
Eastern Massachusetts, Inc.

The Labor Relations Division
Associated General Contractors of
Massachusetts, Inc.

### FOR THE UNION

William P. Ryan, Business Manager

Business Representatives
Paul J. Hayes
Robert W. Leatherbee
John C. Panaro
Louis G. Rasetta
Kevin N. Ryan
Norman A. Teed
Stephen L. Wyman

71

# INTERNATIONAL UNION of OPERATING ENGINEERS – LOCAL #4

Wage Settlement June 1, 1999 – May 31, 2003

## WAGE SCHEDULE EFFECTIVE 12/01/99

### MASSACHUSETTS

| Classification | 6/1/99* | 12/1/99* | 6/1/00* | 12/1/00* | 6/1/01* | 12/1/01* | 6/1/02* | 12/1/02* |
|---|---|---|---|---|---|---|---|---|
| GROUP 1 | $26.77 | $27.01 | $27.79 | $28.53 | $29.41 | $30.29 | $31.27 | $32.25 |
| Daily Rate (Per Hour) | 29.96 | 30.29 | 31.16 | 32.00 | 32.99 | 33.97 | 35.07 | 36.17 |
| GROUP 1a (Boom length) | | | | | | | | |
| Over 150 feet | $ 1.17 | $ 1.21 | $ 1.24 | $ 1.28 | $ 1.32 | $ 1.35 | $ 1.40 | $ 1.44 |
| Over 185 feet | 2.06 | 2.12 | 2.18 | 2.24 | 2.31 | 2.38 | 2.45 | 2.53 |
| Over 210 feet | 2.89 | 2.97 | 3.06 | 3.14 | 3.24 | 3.34 | 3.45 | 3.55 |
| Over 250 feet | 4.38 | 4.51 | 4.64 | 4.77 | 4.91 | 5.06 | 5.23 | 5.39 |
| Over 295 feet | 6.07 | 6.24 | 6.42 | 6.60 | 6.81 | 7.01 | 7.24 | 7.46 |
| Over 350 feet | 7.07 | 7.27 | 7.48 | 7.69 | 7.93 | 8.16 | 8.45 | 8.69 |
| GROUP 1b | $29.96 | $30.29 | $31.16 | $32.00 | $32.99 | $33.97 | $35.07 | $36.17 |
| GROUP 1c | $27.77 | $28.01 | $28.79 | $29.53 | $30.41 | $31.29 | $32.27 | $33.25 |
| GROUP II | $26.60 | $26.83 | $27.61 | $28.34 | $29.21 | $30.09 | $31.06 | $32.04 |
| GROUP III | $21.11 | $21.19 | $21.80 | $22.38 | $23.07 | $23.76 | $24.52 | $25.29 |

| Classification | 6/1/99* | 12/1/99* | 6/1/00* | 12/1/00* | 6/1/01* | 12/1/01* | 6/1/02* | 12/1/02* |
|---|---|---|---|---|---|---|---|---|
| GROUP IV | | | | | | | | |
| a. Fireman | $23.69 | $23.85 | $24.54 | $25.18 | $25.96 | $26.74 | $27.60 | $28.47 |
| b. Other than TC/Gradall | 17.84 | 17.83 | 18.34 | 18.82 | 19.40 | 19.98 | 20.62 | 21.27 |
| c. TC or Gradall | 19.42 | 19.46 | 20.02 | 20.54 | 21.17 | 21.81 | 22.51 | 23.22 |
| d. Daily Rate (TC) | 20.99 | 21.07 | 21.67 | 22.24 | 22.93 | 23.61 | 24.38 | 25.14 |
| e. Scow Rate | 20.91 | 20.98 | 21.59 | 22.15 | 22.83 | 23.52 | 24.28 | 25.04 |
| Daily Rate Differential | | | | | | | | |
| GROUP II | $ 2.28 | $ 2.35 | $ 2.42 | $ 2.48 | $ 2.56 | $ 2.64 | $ 2.72 | $ 2.81 |
| GROUP III | $ 1.44 | $ 1.48 | $ 1.52 | $ 1.57 | $ 1.62 | $ 1.66 | $ 1.72 | $ 1.77 |
| Tunnel Differential | $ 1.77 | $ 1.82 | $ 1.87 | $ 1.92 | $ 1.98 | $ 2.04 | $ 2.11 | $ 2.18 |
| Health & Welfare | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Pension | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 | 3.82 |
| Apprenticeship | 0.30 | 0.30 | 0.30 | 0.35 | 0.35 | 0.35 | 0.35 | 0.35 |
| Annuity | 2.50 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| Foundation for Fair Contracting | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 |
| Joint Labor/Management Cooperation Trust | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits |

OTHER: Dues Assessment: 1¹/₄% deducted from total Wage and Benefit Package; Social and Political Action Committee, 5¢ per hour.

*The Local may, at its option, utilize parts of these increments for increases to Health & Welfare, Pension, Annuity, Social and Political Action Committees, Dues Deduction, and the Foundation for Fair Contracting.

## GROUP I**

| | | | |
|---|---|---|---|
| Alpine Miners | Crusher Plants on site | Mechanical Hoist | Shaft Hoists |
| Asphalt Plant on site | Derrick Boats | Pavement Breakers | Shovel Dozers |
| Augers & Lo-Drills | Derricks | Micro-Tunneling | Snovels |
| Backhoes (Excavators) | Draglines | Boring Machines | Soil Mix Machines |
| Bobcats when used as | Elevating Graders | Mucking Machines | Steam Engines |
| Front End Loaders | Elevator Towers | Paving Concrete Mixers | Three Drum Machines |
| Boring Machines | Fork Lifts | Pile Drivers | Timber Jacks |
| Cable Ways | Front End Loaders | Post Hole Diggers | Trench Hoes |
| Cement Concrete Pavers | Gradalls | Post Hole Hammers | Trenching Machines |
| Cherry Pickers | Hoisting Engines | Power Shovels | Truck Cranes |
| Concrete Batching and/or | Hoists | Pumpcrete Machines | Two or more Drum Machines |
| Mixing Plants on site | Lighters | Road Headers | Uke Loaders |
| Cranes | | Rotary Drills | Waste Water Plants |

Daily Rate: (per hour), Same as Group 1b.
Truck Cranes
Fork Lifts
Cherry Pickers
Combination Hoe/Loader (Case 580 type machine)

**See Attached Schedule of Wages

---

## GROUP Ia (Boom Lengths)

Hourly added wages for boom lengths (including jib)
Over 150 feet
Over 185 feet
Over 210 feet                    See Attached Schedule of Wages
Over 250 feet
Over 295 feet
Over 350 feet

These rates are applicable to cranes on roof or similar elevated positions. Engineers receiving any of the above wage rates shall be paid such rate for the full payroll period, even though the boom is shortened. (See Part One, Article VII, Sections 11, and 12).

## GROUP Ib**

Master Mechanics
Foreman Mechanics

## GROUP Ic**

Conventional (cable controlled) Clam Shell and Slurry Buckets
Heading Mechanics

**See Attached Schedule of Wages

## GROUP II**

Asphalt Pavers
Ballast Regulators
Bobcats when used as Bulldozers
Bulldozers
Cal Tracks
Cold Planers
Concrete Mixers with side loaders
Concrete Pumps
Directional Drilling Machines
Edgers
Graders
Grinders
Grout Pumps
John Henrys

Locomotives or machines used
   in place thereof
Mechanics, Maintenance
Mulching Machines
Paving Concrete Finishing
   Machines
Paving Screed Machines
Portable Steam Boilers
Portable Steam Generators
Rail Anchor Machines
Reclaimers
Rollers
Scrapers
Sonic or Vibratory Hammers

Spreaders
Stationary Steam Boilers
Swinger Engines
Switch Tampers
Tampers, Self-propelled or
   Tractor Drawn
Tandem Scrapers
Tire Trucks (when operated by
   Employer on job site)
Track Mounted, Self-Unloading
   Material Movers (with dozer blade)
Tractors
York Rakes

76

**See Attached Schedule of Wages

## GROUP III**

Augers-Powered by
   independent engines and
   attached to Pile Drivers
Compressors
Concrete Mixers
Concrete Vibrators
Conveyors
Generators

Heaters (power driven) (1-5)
Hydraulic Saws
Industrial Fork Lifts/
   Chisel Trucks
   (hoisting not over 9 feet)
Jackson Type Tampers
Lighting Plants
Pump(s) (1-5 grouped)

Single Diaphragm Pumps
Syphons-Pulsometers
Track Mounted, Self-Unloading
   Material Movers
Valves Controlling Permanent Plant
   Air Steam
Welding Machines(s) (1-5 grouped)
Wellpoint Systems (operating)

77

**See Attached Schedule of Wages

GROUP IV** Assistant Engineer

a. Assistant Engineer:  Fireman
b. Assistant Engineer:  Apprentices (other than Truck Cranes or Gradalls)
c. Assistant Engineer:  Apprentices (on Truck Cranes or Gradalls)
d. Assistant Engineer:  Daily Rate (Truck Cranes)
e. Scow Rate

**See Attached Schedule of Wages

78

- Machines grouped shall be within 200 feet.
- Any machine not expressly mentioned in the schedule shall be included in the appropriate grouping.
- High Speed Electric Conveyors, (See Part One 1, Article VII, Section 3.

- HELICOPTERS: Whenever a helicopter is used in hoisting and lifting, it shall be manned by a member of the Local at a rate to be established, if and when such type of operation is instituted.
- HAZARDOUS WASTE: Engineers required to work in the HOT ZONE will receive a $2.00 an hour wage differential.

**TERMINATION**

The terms and conditions of this Agreement between the LABOR RELATIONS DIVISION—CONSTRUCTION INDUSTRIES OF MASSACHUSETTS, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union membership at a special Notified Meeting on November 20, 2002 approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

**WITNESS TO CONTRACT EXTENSION**

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

| FOR THE LABOR RELATIONS DIVISION CONSTRUCTION INDUSTRIES OF MASSACHUSETTS | FOR THE UNION |
|---|---|
| *JOHN D. O'REILLY, III* | *WILLIAM P. RYAN* |
| By: | Business Manager |
| *COUNSEL* | *LOUIS G. RASETTA* |
| Title: | President |
| November 26, 2002 | *NORMAN A. TEED* |
| Date: | Recording Secretary |
| | November 25, 2002 |
| | Date: |

79

## CONTRACT EXTENSION
## TERMINATION

The terms and conditions of this Agreement between the FOUNDATION & MARINE CONTRACTORS ASSOCIATION OF NEW ENGLAND, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union's membership at a special Notified Meeting on November 20, 2002, approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

## WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

*FOUNDATION & MARINE CONTRACTORS ASSOCIATION OF NEW ENGLAND*

P.A. O'NEILL
By:

PRESIDENT
Title:

November 27, 2002
Date:

FOR THE UNION

WILLIAM P. RYAN
Business Manager

LOUIS G. RASETTA
President

NORMAN A. TEED
Recording Secretary

November 25, 2002
Date:

80

## CONTRACT EXTENSION
## TERMINATION

The terms and conditions of this Agreement between the LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union's membership at a special Notified Meeting on November 20, 2002, approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

## WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

*FOR THE LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

DAVID P. POWELL
By:

DIRECTOR OF LABOR RELATIONS
Title:

November 26, 2002
Date:

FOR THE UNION

WILLIAM P. RYAN
Business Manager

LOUIS G. RASETTA
President

NORMAN A. TEED
Recording Secretary

November 25, 2002
Date:

81

## CONTRACT EXTENSION

### TERMINATION

The terms and conditions of this Agreement between the BUILD-ING TRADES EMPLOYERS ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS, and the International Union of Operating Engineers Local 4 and its Branches, effective June 1, 1999, were negotiated to terminate on May 31, 2003.

The parties to this Agreement have agreed, and the Local Union's membership at a special Notified Meeting on November 20, 2002, approved, a two year extension of the terms and conditions of this Contract, together with the schedule of wages appended to this signature page. The Agreement shall now continue to and include May 31, 2005.

This Agreement shall continue to be effective from year to year thereafter unless either party, at least sixty (60) days prior to May 31, 2005, or prior to May 31st in any year thereafter gives notice in writing to the other party of its intention to terminate said Agreement and request that negotiations be entered into for its alteration or amendment.

In the event that the parties hereto cannot reach an agreement at least thirty (30) days prior to May 31st of any year, such party shall give notice of the failure to reach such agreement to the Federal Mediation Service and the Massachusetts Board of Conciliation and Arbitration.

### WITNESS TO CONTRACT EXTENSION

*IN WITNESS WHEREOF, the parties hereto have caused these presents to be signed by their duly authorized representatives, and have affixed hereto the seals of their respective organizations, this twenty-fifth day of November, 2002.*

*FOR THE BUILDING TRADES EMPLOYERS ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS*

FOR THE UNION

THOMAS J. GUNNING
By:

WILLIAM P. RYAN
Business Manager

EXECUTIVE DIRECTOR
Title:

LOUIS G. RASETTA
President

November 26, 2002
Date:

NORMAN A. TEED
Recording Secretary

November 25, 2002
Date:

82

83

# INTERNATIONAL UNION of OPERATING ENGINEERS – LOCAL #4

## Wage Settlement Extension To May 31, 2005

| Classification | 6/1/02 | 12/1/02 | 6/1/03* | 12/1/03* | 6/1/04* | 12/1/04* |
|---|---|---|---|---|---|---|
| GROUP 1 | $30.57 | $31.12 | $32.20 | $33.14 | $34.31 | $35.49 |
| Daily Rate (Per Hour) | 34.37 | 35.04 | 36.25 | 37.32 | 38.64 | 39.96 |
| GROUP 1a (Boom length) | | | | | | |
| Over 150 feet | $ 1.40 | $ 1.44 | $ 1.49 | $ 1.54 | $ 1.59 | $ 1.64 |
| Over 185 feet | 2.45 | 2.53 | 2.61 | 2.70 | 2.79 | 2.88 |
| Over 210 feet | 3.45 | 3.55 | 3.67 | 3.79 | 3.92 | 4.05 |
| Over 250 feet | 5.23 | 5.39 | 5.57 | 5.75 | 5.95 | 6.14 |
| Over 295 feet | 7.24 | 7.46 | 7.71 | 7.96 | 8.23 | 8.51 |
| Over 350 feet | 8.43 | 8.69 | 8.98 | 9.27 | 9.59 | 9.90 |
| GROUP 1b | $34.37 | $35.04 | $36.25 | $37.32 | $38.64 | $39.96 |
| GROUP 1c | $31.57 | $32.12 | $33.20 | $34.14 | $35.31 | $36.49 |
| GROUP II | $30.36 | $30.91 | $31.98 | $32.91 | $34.07 | $35.24 |
| GROUP III | $23.82 | $24.16 | $25.01 | $25.72 | $26.63 | $27.56 |
| GROUP IV | | | | | | |
| a. Fireman | $26.90 | $27.34 | $28.29 | $29.11 | $30.14 | $31.18 |
| b. Other than TC/Gradall | 19.92 | 20.14 | 20.85 | 21.43 | 22.20 | 22.98 |
| c. TC or Gradall | 21.81 | 22.09 | 22.87 | 23.50 | 24.35 | 25.20 |
| d. Daily Rate (TC) | 23.68 | 24.01 | 24.85 | 25.56 | 26.47 | 27.39 |
| e. Scow Rate | 23.58 | 23.91 | 24.75 | 25.45 | 26.36 | 27.27 |

| Classification | 6/1/02 | 12/1/02 | 6/1/03* | 12/1/03* | 6/1/04* | 12/1/04* |
|---|---|---|---|---|---|---|
| Daily Rate Differential | | | | | | |
| GROUP II | $2.72 | $2.81 | $2.90 | $3.00 | $3.10 | $3.20 |
| GROUP III | $1.72 | $1.77 | $1.83 | $1.89 | $1.95 | $2.02 |
| Tunnel Differential | $2.11 | $2.18 | $2.25 | $2.32 | $2.40 | $2.48 |
| Health & Welfare | 4.75 | 4.75 | 4.75 | 4.75 | 4.75 | 4.75 |
| Pension | 3.82 | 4.25 | 4.25 | 4.40 | 4.40 | 4.40 |
| Apprenticeship | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 | 0.30 |
| Annuity | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| Foundation for Fair Contracting | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 | 0.02 |
| Joint Labor/Management Cooperation Trust | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits | Add 2% of Wage & Benefits |

OTHER: Dues Assessment: 1¼% deducted from total Wage and Benefit Package; Social and Political Action Committees, $0.05 per hour.

*The Local may, at its option, utilize parts of these increments for increases to Health & Welfare, Pension, Annuity, Social and Political Action Committees, Dues Deduction, and the Foundation for Fair Contracting.

•HAZARDOUS WASTE: Engineers required to work in the HOT ZONE will receive a $2.00 an hour differential.

# INDEX

| | Part | Article | Section | Page |
|---|---|---|---|---|
| ASSOCIATED GENERAL CONTRACTORS . . . . . | C | | | 39 |
| BUILDING TRADES EMPLOYERS ASSOCIATION . . . . . . . | C | | | 39 |
| CONSTRUCTION INDUSTRY of MASSACHUSETTS . . . . | A | | | 19 |
| FOUNDATION and MARINE CONTRACTORS . . . . . | B | | | 28 |
| APPRENTICESHIP . . . . . . | One | VI | | 8 |
| Classification . . . . . . . . . | One | VI | 4 | 9 |
| Crane Rental Industry . . . | One | VI | 7 | 10 |
| Fringe Benefit Plans . . . . | One | VI | 5 | 10 |
| Graduate Apprentices . . . | One | VI | 7 | 10 |
| Hoisting Machines . . . . . | One | VI | 1&6 | 8&10 |
| Lay Off . . . . . . . . . . . . | One | VI | 2 | 8 |
| Probationary . . . . . . . . . | One | VI | 5 | 10 |
| Ratio . . . . . . . . . . . . . . | One | VI | 1 | 8 |
| Step Rate Increase . . . . . . | One | VI | 4 | 9 |
| Transfers . . . . . . . . . . . | One | VI | 8 | 10 |
| ARBITRATION . . . . . . . . | Two | XVII | | 62 |
| American Arbitration Association . . . . . . . . . | Two | XVII | 2 | 62 |
| Board of Interpretation . . . | Two | XVII | 2 | 62 |
| Plan for Settlement . . . . . | Two | XVII | 5 | 63 |
| Umpire . . . . . . . . . . . . | Two | XVII | 3 | 62 |
| AUGERS . . . . . . . . . . . . | B | IV | 3 | 31 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| BENEFIT FUNDS | Two | XI | | 54 |
| Annuity Fund | Two | XI | 12 | 58 |
| Apprentice Fund | Two | XI | 14 | 58 |
| Cooperative Trust | Two | XI | 15-16 | 58 |
| Pension Fund | Two | XI | 11 | 57 |
| Welfare Fund | Two | XI | 10 | 57 |
| 401(k) Fund | Two | XI | 13 | 58 |
| BOILER INSPECTION LAWS | C | V | 25 | 48 |
| BOOM LENGTHS | | | | |
| Computing | One | VII | 11 | 13 |
| Roofs/Elevated Positions | One | VII | 12 | 14 |
| Luffing Booms | One | VII | 11 | 13 |
| Tower Cranes | One | VII | 11 | 13 |
| BUILDING COMMITTEE | Two | XI | 17 | 58 |
| CABS | One | VII | 5 | 12 |
| CAISSONS | B | IV | 5 | 32 |
| CHANGING FACILITIES | One | VII | 20 | 15 |
| | A | V | 5 | 25 |
| CHISEL TRUCKS | One | VII | 15 | 14 |
| CLAM SHELLS | One | VII | 10 | 13 |
| COFFEE BREAKS | C | V | 28 | 48 |
| COMPRESSORS | One | VII | 3 | 11 |
| CONVEYORS | One | V | 3 | 7 |
| CRANE CAPACITY | One | V | 3 | 7 |
| CRANE CERTIFICATION | One | V | 5 | 8 |
| DAILY RATE on TRUCK CRANES | | | | |
| AGC/BTEA | C | V | 29 | 49 |
| CIM | A | IV | 10 | 24 |
| FMC | B | IV | 17 | 36 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| DELINQUENT FRINGE PAYMENTS | Two | XI | 4 | 55 |
| DISCRIMINATION | One | II | 4 | 3 |
| DRILL SHAFT OPERATIONS | B | IV | 5 | 32 |
| DRILL ATTACHMENTS | B | IV | 5 | 32 |
| DUES DEDUCTION | Two | XIV | 1 | 60 |
| EMPLOYEE TRANSPORTATION | B | IV | 22 | 37 |
| EQUIPMENT | One | VII | 9 | 13 |
| Assembly | One | VII | 9 | 13 |
| Breakdown | A | IV | 4 | 22 |
| | B | IV | 18 | 36 |
| | C | V | 10 | 44 |
| Erection | One | VII | 9 | 13 |
| Fabrication | One | VII | 9 | 13 |
| Maintenance | One | VII | 9 | 13 |
| Moving | One | VII | 9 | 13 |
| Moving (Providing Transportation) – CIM | A | IV | 12 | 24 |
| Moving (Providing Transportation) – FMC | B | IV | 22 | 37 |
| Repair | One | VII | 9 | 13 |
| Welding | One | VII | 9 | 13 |
| ERECTION OF EQUIPMENT | C | V | 20 | 47 |
| ESCORT VEHICLES | One | VII | 7 | 13 |
| | C | VI | 1b | 49 |
| EXTRA MACHINE | C | V | 17 | 46 |
| FANS, SUMMER & WINTER | One | VII | 5 | 12 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| FIREMAN . . . . . . . . . . . . | B | IV | 9&10 | 34 |
| . . . . . . . . . . | C | V | 23 | 48 |
| FLOATING EQUIPMENT . . | B | IV | 12 | 34 |
| FOREMAN MECHANIC . . | A | IV | 6 | 23 |
| Working With Tools . . . . | A | IV | 6 | 23 |
| FORTY (40) HOUR | | | | |
| GUARANTEE . . . . . . . . | One | VIII | 1 | 15 |
| FOUNDATION FOR FAIR | | | | |
| CONTRACTING . . . . . . | Two | XI | 16 | 58 |
| FOUNDATION FOR FAIR | | | | |
| CONTRACTING . . . . . . | Two | XVI | | 61 |
| GREASE TRUCKS . . . . . . | One | VII | 6 | 12 |
| HARMONY . . . . . . . . . . . | One | V | 2 | 7 |
| HAZMAT CLEANUPS . . . . | One | VII | 14 | 14 |
| HEADING MECHANICS . . | A | V | 7 | 26 |
| HEATERS | | | | |
| Grouped . . . . . . . . . . . . | C | V | 18 | 46 |
| On Equipment . . . . . . . . | One | VII | 5a | 12 |
| . . . . . . . . | B | IV | 15 | 36 |
| . . . . . . . . | C | V | 22 | 47 |
| Power Driven . . . . . . . . . | One | VII | 2 | 11 |
| HIGH WINDS . . . . . . . . . | One | X | 3 | 18 |
| HOISTING MACHINES . . . | One | V | 1 | 7 |
| Apprentice Engineers . . . . | One | VI | 6 | 10 |
| Apprentice Ratio . . . . . . | One | VI | 1 | 8 |
| Engineer Only . . . . . . . . | One | V | 1 | 7 |
| HOLIDAYS . . . . . . . . . . . | One | IV | 1-7 | 5&6 |
| HOURS | | | | |
| AGC/BTEA . . . . . . . . . . | C | III | 1-5 | 41 |
| Rented Equipment . . . . | C | VI | 4 | 51 |
| CIM . . . . . . . . . . . . . | A | II | 1-3 | 20 |
| FMC . . . . . . . . . . . . . | B | II | 1-6 | 29 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| INCLEMENT WEATHER . . | One | X | 1-3 | 18 |
| INDIVIDUAL | | | | |
| EXCAVATORS . . . . . . . | One | V | 4 | 7 |
| INDUSTRIAL FORK LIFTS | One | VII | 15 | 14 |
| JURISDICTION . . . . . . . . | C | II | | 40 |
| JURISDICTIONAL | | | | |
| DISPUTE PLAN . . . . . . | Two | XVII | 5 | 63 |
| LEADS . . . . . . . . . . . . . | B | IV | 1-4 | 30-32 |
| LIABILITY INSURANCE . . | Two | XII | | 59 |
| LIGHTERS . . . . . . . . . . . | B | IV | 12 | 34 |
| LOCKOUTS . . . . . . . . . . . | One | II | 5 | 4 |
| LOW WATER WORK . . . . | B | II | 6 | 30 |
| MAINTENANCE | | | | |
| ENGINEERS . . . . . . . . . | B | IV | 7 | 33 |
| Lighted Traffic Signs . . . . | A | IV | 13 | 25 |
| Wellpoint Systems . . . . . | C | V | 12 | 44 |
| MASTER MECHANICS | | | | |
| Not Required – CIM . . . . | A | IV | 1 | 22 |
| Not Required – FMC . . . . | B | IV | 20 | 37 |
| Operating . . . . . . . . . . . | C | V | 11b | 44 |
| Shift Work . . . . . . . . . . | A | IV | 6 | 23 |
| With Six or More | | | | |
| Engineers . . . . . . . . . . | A | IV | 5 | 23 |
| With Six or More | | | | |
| Engineers . . . . . . . . . . | B | IV | 19 | 36 |
| With Six or More | | | | |
| Engineers . . . . . . . . . . | C | V | 11 | 44 |
| MATERIAL MOVERS . . . . | One | VII | 16 | 14 |
| MEMBERSHIP | | | | |
| REQUIREMENTS . . . . | One | II | 3 | 3 |
| MEMORANDUM OF | | | | |
| AGREEMENT . . . . . . . . | Two | XXI | | 68 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| NEW EQUIPMENT . . . . . | One | VII | 13 | 14 |
| OFF SHIFT . . . . . . . . . . . | A | IV | 8 | 24 |
| ORDINARY REPAIRS . . . . | C | V | 9 | 43 |
| OVERTIME | | | | |
|   AGC/BTEA . . . . . . . . . . | C | IV | | 42 |
|   CIM . . . . . . . . . . . . . . | A | III | 1-2 | 21 |
|   FMC . . . . . . . . . . . . . | B | III | | 30 |
| OWNER/OPERATORS . . . . | One | III | 3 | 4 |
| PAY DAY . . . . . . . . . . . | C | V | 4-7 | 43 |
| PICKET LINES . . . . . . . . . | A | IV | 9 | 24 |
| PILE DRIVERS . . . . . . . . . | B | IV | 1-4 | 30-32 |
| PLANT AIR or STEAM . . . | B | IV | 7 | 33 |
|   . . . . . . . . . . . . | C | V | 12 | 44 |
| POLITICAL ACTION | | | | |
|   COMMITTEE . . . . . . . . | Two | XV | 1 | 60 |
| PRIME SOURCE of | | | | |
|   SKILLED LABOR . . . . . . | One | II | 2 | 2 |
| PUMPS . . . . . . . . . . . . . . | One | VII | 1 | 11 |
|   Single Diaphragm (2 hours | | | | |
|   a day) . . . . . . . . . . . . | B | IV | 13 | 35 |
|   . . . . . . . . | C | V | 14 | 46 |
|   Single Diaphragm | | | | |
|   (Grouped) . . . . . . . . . | B | IV | 14 | 35 |
|   . . . . . . . . | C | V | 15 | 46 |
|   Submersible Electric . . . . | One | VII | 8 | 15 |
|   . . . . . . . . | B | IV | 8 | 34 |
|   . . . . . . . . | C | V | 13 | 45 |
| RENTED EQUIPMENT . . . | C | VI | 1-8 | 49-52 |
| ROBOTIC CONTROLLED | | | | |
|   EQUIPMENT . . . . . . . . | One | VII | 14 | 14 |
| SATURDAYS & SUNDAYS | One | X | 1-3 | 18 |
| SAFETY and EDUCATION | One | V | 5 | 8 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| SAVINGS CLAUSE | | | | |
|   AGC/BTEA . . . . . . . . . . | C | VIII | | 53 |
|   CIM . . . . . . . . . . . . . . | A | VII | | 27 |
|   FMC . . . . . . . . . . . . . . | B | VI | | 38 |
| SCHEDULE OF WAGES . . . | Two | XXIV | | 72 |
| SCOPE OF AGREEMENT | | | | |
|   AGC/BTEA . . . . . . . . . . | C | VII | | 52 |
|   CIM . . . . . . . . . . . . . . | A | | VI | 26 |
|   FMC . . . . . . . . . . . . . . | B | V | 1-2 | 37 |
| SCOPE OF EMPLOYMENT | | | | |
|   CIM . . . . . . . . . . . . . . | A | I | 1-3 | 19 |
|   FMC . . . . . . . . . . . . . . | B | I | | 28 |
| SCOWS . . . . . . . . . . . . . . | B | IV | 12b | 35 |
| SHAFTS & TUNNELS . . . . | A | V | 1-7 | 25 |
| SHIFTS | | | | |
|   AGC/BTEA . . . . . . . . . . | C | III | 4&5 | 41 |
|   CIM – Two Shifts . . . . . . | A | II | 3 | 21 |
|   – Three Shifts . . . . . | A | IV | 7 | 23 |
|   – Shafts & Tunnel | | | | |
|   Work . . . . . . . . | A | V | 1 | 25 |
|   FMC . . . . . . . . . . . . . . | B | II | 4-5 | 29 |
| SLURRY BUCKETS . . . . . . | One | VII | 10 | 13 |
| SOCIAL ACTION | | | | |
|   COMMITTEE . . . . . . . . | Two | XV | 1-2 | 60-61 |
| SOLE and EXCLUSIVE | | | | |
|   AGENCY . . . . . . . . . . . | One | II | 1 | 2 |
| SONIC HAMMERS . . . . . . | One | VII | 4 | 12 |
|   Crane Without Leads . . . . | B | IV | 1 | 30 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| **STARTING TIMES** | | | | |
| Assistant Engineer/ | | | | |
| Apprentice — AGC/ | | | | |
| BTEA . . . . . . . . . . . | C | V | 21 | 47 |
| Assistant Engineer/ | | | | |
| Apprentice — CIM . . . . | A | III | 2 | 21 |
| Assistant Engineer/ | | | | |
| Apprentice — FMC . . . | B | IV | 11 | 34 |
| STEWARDS . . . . . . . . . . . | One | IX | 1-3 | 17-18 |
| **STRAIGHT OR BROKEN** | | | | |
| TIME, DAILY RATE . . . . | B | IV | 16 | 36 |
| . . . . . . . . . . | C | V | 2 | 42 |
| STRIKES . . . . . . . . . . . . . | One | II | 5 | 4 |
| SUBSISTENCE . . . . . . . . . | B | IV | 21 | 37 |
| . . . . . . . . . . | C | V | 24 | 48 |
| Rented Equipment . . . . . | C | VI | 1 | 49 |
| SWINGER ENGINES . . . . | B | IV | 12a | 35 |
| TERMINATION . . . . . . . . . | Two | XXIII | | 70 |
| TEST PILE WORK . . . . . . . | One | VIII | 1e | 17 |
| TIDE WORK . . . . . . . . . . | B | II | 6 | 30 |
| TOOLS | | | | |
| Furnishing . . . . . . . . . . . | A | IV | 3 | 22 |
| Safekeeping . . . . . . . . . . | A | IV | 11 | 24 |
| TRAVEL & SUBSISTENCE | C | VI | 1 | 49 |
| TRAVELING TIME . . . . . . | C | V | 1 | 42 |
| VIBRATORY HAMMERS . . | One | VII | 4 | 12 |
| Crane Without Leads . . . | B | IV | 1 | 30 |
| WELDING MACHINES . . . | One | VII | 17 | 15 |
| WELLPOINT SYSTEMS | | | | |
| Assembling & Connecting | B | IV | 7 | 33 |
| Installation & Dismantling | One | VII | 8 | 13 |
| Maintenance Engineers . . . | C | V | 12 | 44 |

| | Part | Article | Section | Page |
|---|---|---|---|---|
| WIND BREAKERS . . . . . . | One | VII | 5B | 12 |
| WITNESS | | | | |
| AGC/BTEA . . . . . . . . . . | C | IX | | 53 |
| CIM . . . . . . . . . . . . . . | A | VIII | | 27 |
| FMC . . . . . . . . . . . . . . | B | VII | | 38 |
| WORK STOPPAGE . . . . . . | A | IV | 9 | 24 |
| WORK REQUIRED ON | | | | |
| MACHINE . . . . . . . . . . | C | V | 10 | 44 |
| WORK WEEK . . . . . . . . . | One | VIII | | 15 |
| Completion of Work . . . . | One | VIII | 1a | 15 |
| Guarantee 40 Hours . . . . | One | VIII | 1 | 15 |
| Layoff . . . . . . . . . . . . . | One | VIII | 1d | 16 |
| Payroll Period . . . . . . . . | One | VIII | 1c | 16 |
| Quitting . . . . . . . . . . . . | One | VIII | 2 | 17 |
| Rehire . . . . . . . . . . . . . | One | VIII | 1d | 16 |
| Straight Time . . . . . . . . | One | VIII | 1 | 15 |
| Termination Clause . . . . . | One | VIII | 3 | 17 |
| Test Pile Work . . . . . . . . | One | VIII | 1e | 17 |
| Winter Shut Down . . . . . | One | VIII | 1b | 16 |
| WORKERS | | | | |
| COMPENSATION . . . . . | Two | XXII | | 69 |
| CONTRACT EXTENSION — Construction Industries of | | | | |
| Massachusetts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | 79 |
| CONTRACT EXTENSION — Foundation and Marine | | | | |
| Contractors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | 80 |
| CONTRACT EXTENSION — Associated General | | | | |
| Contractors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | 81 |
| CONTRACT EXTENSION — Building Trades Employers | | | | |
| Association . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | 82 |
| WAGE SETTLEMENT EXTENSION . . . . . . . . . . . . . . | | | | 84 |

## SEGAL, ROITMAN & COLEMAN

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
STEPHANIE R. PRATT
GREGORY A. GEIMAN
RACHEL E. ROSENBLOOM

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915–1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. McKENNA, JR.
PAUL S. HOROVITZ

* Also Admitted to the
  New Hampshire Bar

** Also Admitted to
   the California Bar

January 6, 2005

<u>BY CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND FIRST CLASS MAIL</u>
Robert Hamilton, President
South Shore Crane Rental, Inc.
P.O. Box #E-141
785 Washington Street
So. Easton, MA  02375

Re:    <u>International Union of Operating Engineers Local 4 Trust Funds</u>

Dear Mr. Hamilton:

This office represents the I.U.O.E. Local 4 Trust Funds for purposes of collecting delinquent fringe benefit contributions.  I have been advised that South Shore Crane Rental, Inc. owes the Funds contributions and interest for the period August through November, 2004.  This letter constitutes a demand for submission of Remittance Reports for the period August through November, 2004, together with payment of the now delinquent contributions and interest.

Be advised that failure to pay may result in litigation in which case South Shore Crane Rental, Inc. will be liable for liquidated damages, attorney's fees and costs in addition to the contributions and interest.  Please call me upon receipt of this letter if you wish to avoid litigation.

Thanking you in advance for your prompt attention to this matter, I am

Very truly yours,

Anne R. Sills

cc:    Gina Alongi
       Jim Bucci
ARS/ars&ts
3118 05-002/hamilton-crane.doc



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

PS Form 3800, June 2002    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Mary L. Warmington*    ☐ Agent ☐ Addressee

B. Received by ( Printed Name )
*MARY L. WARMINGTON*    C. Date of Delivery 1-11-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Robert Hamilton, President
South Shore Crane Rental, Inc.
P.O. Box #E-141
785 Washington Street
So. Easton, MA  02375

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7004 1160 0004 4200 1965

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )
*Michael P Glennon*    C. Date of Delivery 2/4/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Robert Hamilton, President
South Shore Crane Rental, Inc.
P.O. Box #E-141
785 Washington Street
So. Easton, MA  02375

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7004 1160 0004 4200 2399

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## SEGAL, ROITMAN & COLEMAN

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
STEPHANIE R. PRATT
GREGORY A. GEIMAN
RACHEL E. ROSENBLOOM

———

* Also Admitted to the
  New Hampshire Bar

**Also Admitted to
  the California Bar

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915–1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. McKENNA, JR.
PAUL S. HOROVITZ

March 15, 2005

BY CERTIFIED MAIL, RETURN RECEIPT
REQUESTED AND FIRST CLASS MAIL
Robert Hamilton, President
South Shore Crane Rental, Inc.
P.O. Box #541
So. Easton, MA  02375-0541

Re:    International Union of Operating Engineers Local 4 Trust Funds

Dear Mr. Hamilton:

As you know, this office represents the International Union of Operating Engineers Local 4 Trust Funds for purposes of collecting fringe benefit contributions from delinquent contractors. I have been advised that South Shore Crane Rental, Inc. is delinquent in its payments for the months of October, 2004 through February, 2005.

This letter constitutes a demand for:  (1) immediate payment of the delinquent contributions; and (2) copies of all remittance reports for the period of October, 2004 through February, 2005.  Please be advised that failure to comply will result in litigation pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), in which case South Shore Crane Rental, Inc. will be liable for interest, attorneys' fees, costs, and liquidated damages in addition to the delinquent contributions.

If you have any questions or wish to discuss this matter further, please don't hesitate to call.  Otherwise, please mail the contributions and reports to my attention for forwarding to the Fund office.

Very truly yours,

Gregory A. Geiman

cc:    Gina Alongi
       Jim Bucci
ARS/gag&ts
3118 05-002/hamilton-crane2.doc

SEGAL, ROITMAN & COLEMAN
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

7004 1160 0006 4595 8295

3·17
3/24
3/31



Robert Hamilton, President
South Shore Crane Rental, Inc.
P. O. Box #541
Easton, MA 02541

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To
Robert Hamilton

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

Postmark
Here

PS Form 3800, June 2002        See Reverse for Instructions

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH and WELFARE, PENSION and ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING and PORTABLE ENGINEERS LOCAL 4 APPRENTICE and TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,

### DEFENDANTS

South Shore Crane Rental, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory A. Geiman, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY     N/A

JUDGE _____     DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Louis G. Rasetta and John H. Shaughnessy, as they are Trustees, I.U.O.E. Local 4 Health and Welfare Funds, et al vs. South Shore Crane Rental, Inc.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             *Also complete AO 120 or AO 121
             for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**
    N/A

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**     YES ☐    NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**     YES ☐    NO ☒
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**     YES ☐    NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**     YES ☐    NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**     YES ☐    NO ☒
   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**     YES ☐    NO ☒

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**     YES ☐    NO ☒
   (a)    **IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?** _____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** N/A

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION: YES ☐ NO ☐  N/A    OR WESTERN SECTION: YES ☐    NO ☐**

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME** Gregory A. Geiman

**ADDRESS** Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108

**TELEPHONE NO.** (617) 742-0208

(Category form - 3/97)