## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>SOUTH SHORE CRANE RENTAL, INC., Defendant<br><br>and<br><br>THE COMMUNITY BANK, Trustee. | C.A. No. 05-10802 NMG |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF
### MOTION FOR ENTRY OF DEFAULT JUDGMENT

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant South Shore Crane Rental, Inc. (hereinafter "South Shore") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of

ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the

citizenship of the parties.

The Clerk, on or about June 15, 2005, issued a Notice of Default.  Subsequently, on or

about July 13, 2005, this honorable Court granted the Plaintiffs' Motion for Extension of Time to

File to Entry of Default Judgment, to allow the Funds time to conduct a payroll audit that would

allow them to fully liquidate the amount owed by the Defendant for the relevant time period.  At

this juncture, the necessary audit has been completed and the Plaintiffs are before the Court on a

Motion for Entry of Default Judgment.  Plaintiffs now seek a judgment holding Defendant liable

for $72,808.45, representing contributions owed to the Funds for the period from April through

July, 2005, together with interest on the unpaid contributions through May, 2005, late-paid

interest through January, 2005, liquidated damages, and reasonable attorneys' fees and costs.

## **FACTS**

On or about December 31, 2001, defendant South Shore agreed in writing to be bound to

the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to

the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to

any successor agreements.  See Affidavit of James Bucci ("Bucci Aff."), par. 2.  A copy of South

Shore's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.

Because of the short form agreement, South Shore has been a party to successive collective

bargaining agreements with the International Union of Operating Engineers Local 4 ("Union"),

including the agreement which is effective from June, 1999 through May, 2005 ("the

Agreement").  Bucci Aff., par. 3.  A copy of the relevant portions of this Agreement is attached

2

to the Complaint as Exhibit B.  The Agreement requires South Shore to make contributions to

Plaintiff Funds for each payroll hour for each person covered by the Agreement.  Bucci Aff., par.

4.  Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated

percentage of the gross wage package, before taxes, for union dues.  Bucci Aff., par. 5.

Since the commencement of this action, South Shore has paid contributions owed for all

months through March, 2005.  Bucci Aff., par. 6.  However, the Defendant continues to owe

contributions for the months of April through July, 2005.  Id.  On or about July 22, 2005, the

Funds conducted an audit of South Shore's payroll records and discovered that South Shore

owes contributions totaling $56,295.60 for the relevant time period.  Bucci Aff., par. 7.  South

Shore also owes the Funds $157.25 in contributions to the Social Action Committee ("SAC"),

for which contributions are paid for each payroll hour for each person covered by the

Agreement.  Bucci Aff., par. 8.  Further, South Shore owes the Union $2,045.53 in dues

deducted from employees' paychecks.  Bucci Aff., par. 9.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the

party against whom judgment is sought has been defaulted for failure to appear, and the party is

not an infant or incompetent person.  Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law.  First, Plaintiffs'

claim is for a sum certain.  Plaintiffs have ascertained via a payroll audit that South Shore owes

the Funds $56,295.60 in unpaid benefit fund contributions, $157.25 in SAC contributions, and

$2,045.53 in Union dues, all of which are due under the Agreement for the period from April

through July, 2005.  Bucci Aff., pars. 7-9.  Further, prejudgment interest on the unpaid

contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B).  As such, the Funds have

ascertained that, pursuant to the terms of the Agreement, South Shore would owe $793.83 in

interest on the unpaid contributions for April and May, 2005, if those contributions were paid by

the end of July, 2005.  Bucci Aff., par. 10.  No interest has yet come due on delinquent payments

for June and July, 2005.  Id.  South Shore also owes interest on contributions paid late through

January, 2005, in the amount of $11,308.08.  Bucci Aff., par. 11.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an

amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may

be permitted under Federal or state law), or in an amount equal to interest on the unpaid

contributions, whichever is greater.  29 U.S.C. §1132 (g)(2)(C)(i) and (ii).  In the instant case,

because the Agreement does not provide for liquidated damages, South Shore owes as liquidated

damages an additional amount equal to the interest on the unpaid contribution.  This would mean

that South Shore owes an additional $793.83 as liquidated damages.  Bucci Aff., par. 12.

Finally, attorneys' fees and costs are also mandated by ERISA.  29 U.S.C. §1132(g)

(2)(D).  Attorneys' fees and costs of this action are $1,414.33.  See Affidavit of Anne R. Sills.

These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person.  Defendant is also not in

the military service.  See Affidavit of Gina Alongi.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default

Judgment be granted, and that judgment enter against Defendant South Shore Crane Rental, Inc.

in the amount of $72,808.45 representing contributions owed to the Funds for the period from

April through July, 2005, together with interest on the unpaid contributions through May, 2005,

late-paid interest through January, 2005, liquidated damages, and reasonable attorneys' fees and

costs.

> Respectfully submitted,
>
> LOUIS G. RASETTA and JOHN J.
> SHAUGHNESSY, as they are TRUSTEES,
> INTERNATIONAL UNION OF
> OPERATING ENGINEERS LOCAL 4
> HEALTH AND WELFARE FUND, et al,
>
> By their attorneys,
>
> /s/ Anne R. Sills
> Anne R. Sills, Esquire
> BBO #546576
> Gregory A. Geiman, Esquire
> BBO #655207
> Segal, Roitman & Coleman
> 11 Beacon Street
> Suite #500
> Boston, MA  02108
> (617) 742-0208

Dated:  August 1, 2005

GAG/gag&ts
ARS 3118 05-002/memsupdf.doc