UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs

vs.

SOUTH SHORE CRANE RENTAL, INC.,
Defendant

and

THE COMMUNITY BANK,
Trustee.

C.A. No. 05-10802 NMG

## AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about December 31, 2001, defendant South Shore Crane Rental, Inc. ("South Shore") agreed in writing to be bound to the terms of the Restated Agreements and

Declarations of Trust establishing the Funds, to the terms of collective bargaining agreements requiring contributions to the Funds; and to any successor agreements.

3. Because of the short form agreement, South Shore has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the collective bargaining agreement which is effective from June, 1999 through May, 2005 ("the Agreement").

4. The Agreement requires South Shore to make contributions to the Funds for each payroll hour for each person covered by the Agreement.

5. Pursuant to the Agreement, employers are also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

6. Since the commencement of this lawsuit, South Shore has paid contributions owed for all months through March, 2005. However, the company continues to owe contributions for the months of April through July, 2005.

7. On or about July 22, 2005, the Funds conducted an audit of South Shore's payroll records and discovered that South Shore owes contributions totaling $56,295.60 for the months of April through July, 2005.

8. South Shore also owes the Funds $157.25 in contributions to the Social Action Committee ("SAC"), for which contributions are paid for each payroll hour for each person covered by the Agreement.

9. Further, South Shore owes the Union $2,045.53 in dues deducted from employees' paychecks.

10. The Funds have ascertained that, pursuant to the terms of the Agreement, South Shore would owe $793.83 in interest on the unpaid contributions for April and May, 2005, if

those contributions were paid by the end of July, 2005. No interest has yet come due on delinquent payments for June and July, 2005.

11. South Shore also owes interest on contributions paid late through January, 2005, in the amount of $11,308.08.

12. Under the terms of the Agreement, South Shore owes an additional $793.83 as liquidated damages.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29th DAY OF JULY, 2005.

_____
James Bucci

ARS/gag/as
3118 05-002/affbucci.doc